UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:
_____

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| Plaintiff, | : | |
| v. | : | Court No. 25-00154 |
| XL SPECIALTY INSURANCE CO., | : | |
| Defendant. | : | |

_____

## COMPLAINT

Pursuant to the rules of this Court, the United States, plaintiff, alleges as follows:

1. This action is brought by the United States on behalf of the Department of Homeland Security, United States Customs and Border Protection (CBP), against defendant XL Specialty Insurance Company (XL) to recover unpaid duties and interest owed under bonds it issued in the total amount of $3,604,306.44 as of June 30, 2025, plus pre-judgment interest pursuant to 19 U.S.C. § 1505(d) to the face amount of the bonds, pre-judgment interest pursuant to 19 U.S.C. § 580, and post-judgment interest pursuant to 28 U.S.C. § 1961.

2. This Court possesses jurisdiction under 28 U.S.C. § 1582(2).

3. Defendant XL is a surety that issued customs bonds to importers and is also known as Intercargo Insurance Company (XL/Intercargo).

4. Customs entry bonds are required by statute, *see* 19 U.S.C. § 1623, and serve to protect the revenue if an importer fails to pay the duties that it owes.

5. XL/Intercargo issued 48 single-transaction bonds (the subject bonds) to importer Garlic King Corp. (Garlic King) to cover 24 separate entries.

6. Each of the subject bonds was required to incorporate the terms listed in 19 C.F.R. § 113.62.

7. Each of the subject bonds, incorporating the terms listed in 19 C.F.R. § 113.62(a)(1), provided that XL/Intercargo and Garlic King "jointly and severally" agreed to "[p]ay, as demanded by [U.S. Customs and Border Protection (CBP)], all additional duties, taxes, and charges subsequently found due, legally fixed, and imposed on any entry secured by this bond."

8. The subject bonds secured Garlic King's 24 entries (the subject entries) of fresh garlic from the People's Republic of China (China).

9. Each subject entry was secured by two single transaction bonds.

10. The subject entries are identified by the following 24 entry numbers: 90000382375, 90000382383, 90000384611, 90000385501, 90000385485, 90000385493, 90000386228, 90000386236, 90000386285, 90000386293, 90000386327, 90000387457, 90000387465, 90000387473, 90000387481, 90000386301, 90000386319, 90000387499, 90000388034, 90000388042, 90000388059, 90000388562, 90000388570, and 90000388588.

11. The subject entries of fresh garlic from China were subject to an antidumping duty order issued by the U.S. Department of Commerce, *Antidumping Duty Order: Fresh Garlic From the People's Republic of China*, 59 Fed. Reg. 59,209 (Dep't Com. Nov. 16, 1994).

12. XL/Intercargo knew or should have known at the time of the issuance of the subject bonds that Linyi Sanshan Import & Export Trading Co. Ltd. (Linyi) was a new shipper whose garlic, imported by Garlic King, was subject to an antidumping duty order. *See* 68 Fed. Reg. 40,242 (Dep't of Commerce July 7, 2003).

13. The subject entries were made between July 23 and October 15, 2003.

14. On November 3, 2003, Commerce published in the Federal Register a notice of opportunity to request an administrative review of the Order for the period of review from November 1, 2002, through October 31, 2003 (the POR). *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request Administrative Review*, 68 Fed. Reg. 62,279 (Dep't of Commerce Nov. 3, 2003).

15. On December 24, 2003, Commerce published in the Federal Register a notice of initiation of the administrative review of the Order for the POR, which included fresh garlic from China supplied by Linyi. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 68 Fed. Reg. 74,550 (Dep't of Commerce Dec. 24, 2003).

16. On December 7, 2004, Commerce published its preliminary results of this administrative review in which it preliminarily determined that entries made during the POR from manufacturer Linyi did not qualify for a separate rate and, therefore, would be subject to the China-wide ADD rate of 376.67 per cent *ad valorem*. *Fresh Garlic from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review and Rescission in Part*, 69 Fed. Reg. 70,638 (Dep't of Commerce Dec. 7, 2004).

17. On June 13, 2005, Commerce published its final determination that entries of fresh garlic from China made during the POR from manufacturer Linyi did not qualify for a separate rate and, therefore, were subject to the China-wide ADD rate of 376.67 per cent *ad valorem*. *Fresh Garlic from the People's Republic of China: Final Results of Antidumping Duty Administrative Review*, 70 Fed. Reg. 34,082 (Dep't of Commerce June 13, 2005).

18. CBP took no action with respect to the subject entries within the six-month period after June 13, 2005.

19. On June 17, 2019, message number 9168302 was issued, reflecting Commerce's instructions to CBP to liquidate entries of fresh garlic from exporter Linyi made during the POR and assess antidumping duties at the cash deposit or bonding rate required at the time of entry. This message also stated that the "notice of lifting of suspension of liquidation for" entries subject to the instructions "occurred with the publication of the final results of administrative review (70 FR 34082, 06/13/2005)."

20. At the time of entry, Garlic King asserted in its entry filings that the subject entries were subject to a rate of antidumping duty of 376.67 percent *ad valorem*, and Garlic King provided the subject bonds in amounts sufficient to cover this rate.

21. The subject entries liquidated at the country-wide antidumping duty rate of 376.67 percent *ad valorem*.

22. CBP issued 24 bills (the subject bills) for payment of the duties determined upon liquidation of the subject entries.

23. The subject bills are identified by the following 24 bill numbers: 47973037000, 47973038000, 47973039000, 47973040000, 47973041000, 47973042000, 47973043000, 47973044000, 47973045000, 47973046000, 47973047000, 47973048000, 47973049000, 47973050000, 47973051000, 47973052000, 47973053000, 47973054000, 47973055000, 47973056000, 47973057000, 47973058000, 47973059000, and 47973060000.

24. Garlic King did not pay the subject bills within 30 days of their issuance.

25. To this date, Garlic King has not paid any of the subject bills.

26. When the bills remained unpaid, delinquency interest accrues upon the principal balance of the bills in accordance with 19 U.S.C. § 1505(d).

27. The total face value of the subject bonds combined is $4,693,958.00.

28. As of June 30, 2025, the face value of the subject bonds exceeds the amount of the subject bills and delinquency interest. Delinquency interest continues to accrue.

29. CBP demanded payment from XL for the subject bills and delinquency interest that accrued since the date of CBP's issuance of the subject bills to the importer beginning on or about October 1, 2019, and monthly thereafter, via "612 Reports."

30. XL did not protest CBP's demand for payment of the subject bills.

31. XL refused to pay CBP upon its demand for payment of the subject bills.

32. As of June 30, 2025, the total outstanding amount of the subject bills was $3,604,306.44, consisting of $2,610,247.77 in principal and $994,058.67 in accrued delinquency interest.

33. By refusing to pay upon CBP's demand, XL materially breached the terms of the subject bonds and is liable to the United States for the subject bills, plus delinquency interest that has accrued and continues to accrue up to the face value of the subject bonds, plus pre-judgment interest pursuant to 19 U.S.C. § 580, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961.

WHEREFORE, the United States respectfully requests that this Court grant judgment in its favor and against defendant in the amount of $3,604,306.44, plus additional delinquency interest pursuant to 19 U.S.C. § 1505(d) to the face amount of the bonds, pre-judgment interest pursuant to 19 U.S.C. § 580, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961; and grant the United States such other and further relief as may be just and appropriate.

        Respectfully submitted,

        BRETT A. SHUMATE
        Assistant Attorney General
        Civil Division

        PATRICIA M. McCARTHY
        Director

By:    /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        /s/ Beverly A. Farrell
        BEVERLY A. FARRELL
        Senior Trial Attorney
        Department of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza, Room 346
        New York, New York 10278
        Tel.: (212) 264-9230 or 0483
        Attorneys for Plaintiff

Dated: July 17, 2025